■ In the Matter of FRANK J. DUCCI, as Mayor of the CITY OF SCHENECTADY, Petitioner, v NEW YORK STATE OFFICE OF MENTAL HEALTH et al., Respondents. [645 NYS2d 592] —White, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Schenectady County) to review a determination of respondent Commissioner of Mental Health which approved a request by respondent Office of Mental Health for establishment of a community resi-

dence for emotionally disturbed children in the City of Schenectady.

In response to a report issued by respondent Office of Mental Health indicating a projected need within Schenectady County for certain community-based facilities for children and youths in need of mental health services, the Mental Health Association of Ulster County, Inc. proposed the establishment of a community residential facility at 1110 Wendell Avenue in the City of Schenectady, Schenectady County. The proposed residence was intended to house four children with emotional disabilities, aged 5 to 12 years, and two live-in teaching parents. Following receipt of this proposal, the City filed an objection to the establishment of the residential facility at the proposed site. An administrative hearing was held and on November 28, 1994, respondent Commissioner of Mental Health issued a determination rejecting the City's objection and authorizing the establishment of the proposed facility. Petitioner, seeking to annul the Commissioner's determination, then commenced this proceeding pursuant to CPLR article 78 on January 10, 1995. Supreme Court transferred the matter to this Court.

Respondents contend this matter should be dismissed due to petitioner's failure to bring the proceeding within the time limitations set forth in Mental Hygiene Law § 41.34 (d), which states that a proceeding of this type is to be commenced within 30 days of the determination of the Commissioner. Respondents raised this objection in their answer of February 13, 1995, and argue that petitioner's failure to proceed until January 10, 1995, 43 days after the Commissioner's determination was issued, requires a dismissal. Since respondents have properly raised this issue of timeliness and petitioner has not contradicted or responded to the allegations of untimeliness or offered any evidence on the subject, based upon the record before us we find that the petition was not brought in a timely manner and thus must be dismissed.

Cardona, P. J., Mikoll, Mercure and Spain, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.